UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

No. 22-1034

**Michael M. McArdle**

Objector - Appellant

v.

**Guaetta & Benson, LLC; Audrey G. Benson; Peter V. Guaetta; and Sarah T. Fitzpatrick**

Defendant - Appellee

---

**On Appeal from the grant of Defendant - Appellee's Motion for Sanctions and Costs**

**Order of the Federal District Court
District of Massachusetts**

---

**Brief of Appellant**

**Michael M. McArdle**

---

**Counsel for Appellant:**

Lucas B. McArdle
BBO # 694285
McArdle Law & Associates, PLLC
280 Merrimack Street, Suite 311
Lawrence, MA 01843
luke@mcardlelaw.com
Tel: 978-681-5150
Fax: 978-681-5152

May 16, 2022

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................3

STATEMENT OF THE CASE........................................................5

STATEMENT OF THE FACTS......................................................8

ARGUMENT..................................................................................20

    I.     Standard of Review................................................20

    II.    The Court erred and/or abused its discretion in
            denying McArdle relief from its sanctions Order.......21

          A. The Order was void.......................................................21
               1. Due Process Violation.............................22
               2. Lack of Subject Matter Jurisdiction..........23

          B. The Order was obtained through misconduct by an
             opposing party....................................................…...26

          C. McArdle was excusably neglectful, surprised and/or
             mistaken as to the sanctions claim against him and
             resulting Order.................................................…....29

          D. The circumstances surrounding the imposition of
             this Order against McArdle are extraordinary and
             justice requires relief…...............................................31

CONCLUSION...........................................................................33

Certificate of Compliance ....................................................35

Certificate of Service...........................................................35

Addendum….............................................................................36

# TABLE OF AUTHORITIES

## Cases

*Advisory Committee Note*, reprinted in 97 F.R.D. 165 (1st Cir. 1983)...22

*Anderson v. Cryovac, Inc.*, 862 F.2d 910 (1st Cir. 1988)....................27

*Citibank Global Mkts., Inc. v. Santana*, 573 F.3d 17 (1st Cir. 2009)...20

*Claremont Flock Corp. v. Alm*, 281 F.3d 297 (1st Cir. 2002)..............19

*Griffen v. City of Oklahoma City*, 3 F.3d 336 (10th Cir. 1993)............24

*Hurd v. Ralphs Grocery Co.,* 824 F.2d 806 (9th Cir. 1987).................24

*Kale v. Combined Ins. Co.,* 861 F.2d 746 (1st Cir. 1988)...................20

*Karak v. Bursaw Oil Corp.*, 288 F.3d 15 (1st Cir. 2002)....................25

*Kirby v. Allegheny Beverage Corp.,* 811 F.2d 253 (4th Cir. 1987).........24

*Lamboy-Ortiz v. Ortiz*, 630 F.3d 228 (1st Cir. 2010).......................20

*Media Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228 (1st Cir. 1991)..............................................................22

*Obert v. Republic Western Ins. Co.*, 398 F.3d 138 (1st Cir. 2005).............................................................................20

*Rivera-Velazquez v. Hartford Steam Boiler Inspection and Ins. Co.,* 750 F.3d 1 (1st Cir. 2014)....................................................28

*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980)........................22

*Robinson v. Dean Witter Reynolds, Inc.,* 129 F.R.D. 15 (D. Mass 1989)...................................................................23-24

*Schoenberger v. Oselka*, 909 F.2d 1086 (7th Cir. 1990)....................24

*Sea-Land Service, Inc. v. Ceramica Europa II, Inc.*, 160 F.3d 849 (1st Cir. 1998)..............................................................21

*Ungar v. Palestine Liberation Organization*, 599 F.3d 79, 83 (1st Cir. 2010)......................................................................31

*United States v. One Star Class Sloop Sailboat,* 458 F.3d 16 (1st Cir. 2006)......................................................................31

*U.S. v. Boch Oldsmobile*, 909 F.2d 657 (1st Cir. 1990)......................21

**Rules**

Fed. R. Civ. P. 11.................................................................*passim*

Fed. R. Civ. P. 60(b)...........................................................*passim*

Fed. R. Civ. P. 81(c)……………………………………………………22-23

## Statement of the Case

The underlying case was a post-foreclosure action brought by Plaintiff, Nicholas L. Triantos, a duly licensed Massachusetts attorney, ("Triantos") against the foreclosing lender, the mortgage servicer and the law firm that conducted the foreclosure sale of Plaintiff's real property, which was filed in the Essex County Superior Court on February 7, 2017. Attorney, Michael McArdle, Objector-Appellant herein, was the attorney of record and signatory on the complaint filed in the Superior Court and of record at the time the matter was removed to the United States District Court for the District of Massachusetts ("District Court") on March 31, 2017[1]. McArdle did not sign any pleading filed into the District Court[2]. On May 9, 2017, Triantos entered an appearance on his own behalf[3] and together with new co-counsel, Alex Hess[4], filed a May 23, 2017, First Amended Complaint[5], which was filed prior to any responsive pleading to the Original Complaint by Defendant-Appellee Guaetta & Benson, LLC.; Audrey G. Benson; Peter V. Guaetta; and Sarah T. Fitzpatrick (collectively "G&B"). McArdle Noticed his official withdrawal on May 31, 2017[6]. On June 13, 2017, G&B filed a Motion to Dismiss Triantos'

---

[1] See Appellant's Appendix (hereinafter "APP") APP-006, Docket Entry 1
[2] Not including McArdle's Notice of Withdrawal
[3] See APP-007, Docket Entry 18
[4] See APP-010, Docket Entry 47
[5] See APP-008, Docket Entry 29 and APP-070 for signature page
[6] See APP-008, Docket Entry 33 and APP-073 for McArdle Withdrawal

First Amended Complaint[7], which was G&B's first responsive pleading. G&B never filed an Answer or responsive pleading to the Original Complaint, a complaint that was never filed in the District Court.

On June 21, 2017, Triantos filed a Second Amended Complaint[8]. G&B filed a Motion to Strike the Second Amended Complaint[9]. On July 11, 2017, G&B filed a Motion to Dismiss Triantos' Second Amended Complaint[10]. On July 18, 2017, the District Court entered an Electronic Order finding as moot, G&B's Motion to Dismiss the First Amended Complaint[11]. A hearing on G&B's Motion to Dismiss and Motion to Strike the Second Amended Complaint was scheduled and heard on September 14, 2017[12]. Notwithstanding prior orders, the District Court granted the Motion to Strike the Second Amended Complaint and Dismissed the First Amended Complaint[13]. McArdle had no role and did not sign the First Amended Complaint that was dismissed nor the Second Amended Complaint that was stricken.

On November 21, 2017, G&B moved for costs, expenses and attorney's fees against McArdle and Triantos pursuant to Fed.R.Civ.P.

---

[7] See APP-009, Docket Entry 41-42
[8] See APP-010, Docket Entry 51
[9] See APP-010, Docket Entry 53-54
[10] See APP-011, Docket Entry 61-62
[11] See APP-011, Docket Entry 64 (referring to Docket Entry 41)
[12] See APP-011, Docket Entry 65 (referring to Docket Entry 61) and Docket Entry 68
[13] See APP-012, Docket Entry 68-69.

11[14] and moved for costs, expenses and attorney's fees against Triantos, individually, pursuant to G.L. c. 231, s. 6F[15], which was stayed pending Triantos' appeal of the dismissal, after which the same could be renewed[16]. Following the dismissal being affirmed, G&B renewed said motions[17]. On November 3, 2020, Triantos filed an Opposition[18]. On July 1, 2021, the Court entered an Electronic Order requiring G&B to file a detailed accounting of their attorney fees, hours, and expenses associated with each of the dismissed claims[19]. On July 16, 2021, G&B filed the applicable Affidavit[20]. On September 13, 2021, Triantos filed a Supplemental Opposition[21]. A hearing was held on the Motion on September 15, 2021, at which the Court provided an oral Order[22] pursuant to Rule 11.

McArdle was never served or provided notice otherwise from G&B regarding any submission or hearing regarding these claims against him as a non-party; McArdle provided no opposition and was provided no opportunity to be heard; McArdle was attorney of record

---

[14] See APP-013, Docket Entry 77 and APP-103
[15] See APP-013, Docket Entry 78 and APP-076
[16] See APP-013, Docket Entry 79
[17] See APP-014, Docket Entries 85-86; APP-106 and APP-108
[18] See APP-014, Docket Entry 94
[19] See APP-015, Docket Entry 100
[20] See APP-015, Docket Entry 104; APP-125 and APP-011
[21] See APP-016, Docket Entry 108
[22] "Pursuant to Federal Rule of Civil Procedure 11 and in accordance therewith, the Court imposes, as a sanction, attorneys fees in the total sum of $10,000 and costs in the amount of $32 on Attorneys Nicholas Triantos and Michael McArdle, jointly and severally. That's the order of the Court." See APP-167

for Plaintiff in the state court proceedings and either was never added to ECF electronic service because he did not file any pleadings with the District Court or was removed from the ECF electronic service system following his withdrawal – in either scenario, McArdle never received timely notice or any notice whatsoever of these Rule 11 sanction claims. Following McArdle receiving third-party notice of the Order in or around December of 2021 from a party not related to the case, McArdle filed a Verified Motion for Relief from the September 15, 2021 Order[23]. On December 21, 2021, G&B filed an Opposition[24] to the same. On January 5, 2022, without the benefit of a hearing, the District Court denied McArdle's Motion via Electronic Order that did not include any findings whatsoever. McArdle Noticed this Appeal on January 10, 2022.

## Statement of Facts

McArdle is a non-party to this case, who acted as attorney of record for Plaintiff at the time the original Complaint was filed in the Essex County Superior Court on February 7, 2017. McArdle was the attorney of record in name only as to provide a level of protection for Triantos, who otherwise directed the case and drafted the pleadings, incorporating some of McArdle's more practical and meritorious claims related to foreclose law. On March 31, 2017, Defendants removed the

---

[23] See APP-016, Docket Entry 125 and APP-148
[24] See APP-016, Docket Entry 126 and APP-154

underlying case from the Essex County Superior Court to the District Court[25]. On May 9, 2017, Plaintiff, Nicholas L. Triantos, a licensed Massachusetts attorney, filed his Notice of Appearance to represent himself in the underlying case[26]. McArdle advised Triantos to remove the subject claims against G&B and advised Triantos that he was not comfortable pursuing the claims lobbied against the attorneys[27].

Following the safe-harbor Rule 11 Letter[28] from G&B to Triantos on March 16, 2017[29], McArdle notified Triantos that he could no longer represent him in pursuing these claims and advised Triantos to withdraw those particular claims and focus on the crux of the case. McArdle had no control over management of the case and felt obligated to withdraw from the matter, which he did.[30]

On May 23, 2017, prior to G&B filing its Rule 11 Motion, Triantos filed Plaintiff's First Amended Complaint[31], signed by Triantos and his newly retained attorney and co-counsel, Alex Hess, who later noticed his appearance on June 14, 2017[32]. G&B's Memorandum related to its Motion pursuant to Fed. R. Civ. P. 11 misrepresents that "[o]n May 23, 2017, McArdle on behalf of the

---

[25] See APP-006 Docket Entry 1
[26] See APP-006, Docket Entry 18
[27] See Verified Motion for Relief from Court Order at APP-149, paragraph 11
[28] See Fed.R.Civ.P 11(c)(2)
[29] See APP-094
[30] See APP-073
[31] See APP-008, Docket Entry 29 and APP-021
[32] See APP-010, Docket Entry 47

Plaintiff filed a First Amended Complaint, which removed the prior claims for alleged violations of TILA, CFAA, and RICO, but retained the claim for alleged violation of the FDCPA, as well the claims for alleged violations of various state laws and statutes."[33] Prior to the filing, McArdle certainly advised Triantos to remove the claims against G&B but the First Amended Complaint was drafted, signed and filed by Triantos and his then attorney, Alex Hess[34] - contrary to G&B's allegations that McArdle filed said Amended Complaint, which allegation was the basis of the sanctions against McArdle. G&B was aware that McArdle did not sign or file the First Amended Complaint and that McArdle had not filed any pleadings on behalf of Triantos in the District Court whatsoever – nevertheless G&B pursued McArdle on a federal sanctions claim, which is dependent on a bad faith or frivolous filing within the federal court.

Appellant McArdle filed his official Notice of Withdrawal on May 31, 2017[35], in or around which time he assumes he was removed from the ECF electronic filing system for the subject case and no longer received email service regarding submissions filed in the case[36]. McArdle was not part of the filing of the First Amended Complaint,

---

[33] See APP-014, Docket entry 86 and APP-110
[34] See APP-008, Docket Entry 29 and APP-070
[35] See APP-006, Docket Entry 33
[36] McArdle assumes alternatively that he was never made part of the ECF email noticing system because he had not and did not file a pleading into the District Court.

which for all intents and purposes voided and superseded the original Complaint filed in the state court. On June 21, 2017, Triantos filed a Second Amended Complaint[37]. As set forth above, the First Amended Complaint was the complaint that was dismissed and the first complaint that G&B provided a responsive pleading to – G&B never provided a response to the original state court complaint that was otherwise nullified.

But for the guidance McArdle provided to Triantos regarding foreclosure related law and the applicable claims, a legal realm that McArdle is and was well-versed in, all other claims, specifically those against G&B, were claims that Triantos thoroughly researched and demanded to be included as part of the Complaint. McArdle, based on his good faith reliance on Triantos' diligence and understanding of the claims against G&B as a practicing attorney, allowed Triantos to draft and supplement the Complaint with said claims. Although McArdle was the originally named attorney of record, it was largely for appearance purposes regarding Triantos representing himself, which is typically not advisable. Notwithstanding being attorney of record, providing advice to Triantos about foreclosure law and handling some correspondence between party attorneys, Triantos directed and

---

[37] See APP-010, Docket Entry 51

controlled the case entirely and once it was clear that McArdle's advice would not be adhered to, McArdle withdrew.

On November 28, 2017, six months after McArdle withdrew from the case and more than six months after the First Amended Complaint was filed without McArdle or his endorsement, G&B filed a certain motion for attorney's fees against both Triantos and McArdle[38]. McArdle was provided no notice from G&B regarding this Motion and was not of record to receive ECF electronic filing notice, notwithstanding G&B's certificate of service asserting service had been made on McArdle, which assertion is unequivocally false.

On September 30, 2020, G&B filed a renewed motion for costs, expenses and attorney's fees[39] following an unsuccessful appeal of the case by Triantos. Again, McArdle was provided no notice from G&B regarding this Motion, was not of record to receive ECF electronic filing notice, was not part of the then current Amended Complaint filed in this matter and was not involved in the appeal.

G&B's claims against McArdle within it Rule 11 Motion/Memo include:

1) "[t]he Plaintiff, with the full knowledge of McArdle, also caused a copy of the Complaint to be recorded with the Essex County Registry of Deeds in the chain of title to the Property."[40] No evidence exists on the record or exists otherwise to even suggest

---

[38] See APP-013, Docket Entry 76-78 and APP-076-105
[39] See APP-014, Docket Entry 85-89 and APP-106-125
[40] See APP-110

McArdle had any role related to Triantos filing the Complaint(s) with the Registry – the allegation has no merit.

2) "On May 23, 2017, McArdle on behalf of the Plaintiff filed a First Amended Complaint"[41]. As set forth above, this is a further misrepresentation, Triantos drafted and filed the First Amended Complaint.

3) "[O]n March 16, 2017 counsel for the Guaetta Defendants served a Rule 11 letter to McArdle, expressly stating that the claims being advanced lacked merit and should be summarily dismissed. Undeterred, on March 31, 2017 <u>McArdle, through the Plaintiff, Triantos</u>, responded to the March 16, 2017 Rule 11 letter and refused to withdraw or discontinue the claims which had been advanced by [Triantos] against the Guaetta Defendants. On April 5, 2017, McArdle emailed attorney Peter Guaetta again refusing to dismiss the matter and remove the Complaint which had been filed with the registry of deeds."[42] Although G&B failed to submit the referenced exhibits as evidence in its Second Motion/Memo, the Exhibits were made part of the first Motion[43] and have been included here, which provide supporting evidence that McArdle did not draft or provide G&B the Rule 11 response letter, which is clearly drafted and addressed by Triantos. McArdle's subsequent informal email simply addresses the concerns and suggests a discussion would be had with Triantos, notwithstanding the fact that Triantos had already responded a week prior.

The claims set forth above against McArdle, include an unsubstantiated allegation, outside of the subject litigation, that McArdle somehow had control over Triantos filing the Complaint(s) in the applicable Registry of Deeds; that McArdle caused to be filed the First Amended Complaint, which he had no part in drafting or filing[44]; and that McArdle "undeterred" responded to G&B's Rule 11 Letter,

---

[41] *Id*

[42] *Id*

[43] See APP-094-102

[44] In fact, McArdle did not cause a single filing to be submitted in the District Court but for his Withdrawal, which was filed by an associate of McArdle's firm, Atty. Morgan Russell.

refusing to withdraw or discontinue the claims, which record Exhibits evidence that Triantos provided the response[45] and that Triantos did in fact withdraw the claims related to TILA, CFAA, and RICO in his Amended Complaint. G&B dragging McArdle into this claim is knowingly disingenuous and is no different than Triantos' claim, wherein he pulls G&B, as attorneys, into the claim.

On November 2, 2020, Triantos contacted McArdle, asserting that he had not seen a docketed response from McArdle regarding said Rule 11 motion[46] – this was the first and only notice that any such motion/allegation had been made against McArdle at any time as G&B was not sending notice to McArdle of its filings in this regard.

On November 2, 2020, McArdle's office immediately contacted G&B via phone and email[47] and subsequently received a phone call from G&B where McArdle outlined what was thought to have been previously clarified in many phone conversations with G&B in early-mid 2017, which is/was the fact that the alleged frivolous claims were all claims that McArdle advised Triantos to forgo and/or drop, together with the fact that McArdle had notified Triantos that he would be unable to continue representing him if these claims were to be further pursued and did in fact withdraw, which record withdrawal was well

---

[45] More evidence that Triantos was directing the case – see APP-097
[46] See APP-148-153
[47] *Id*

after McArdle was no longer involved in the case[48]. G&B understood that the subject claims were well informed decisions of Triantos, for whom McArdle was mostly acting as an advisor  regarding his extensive experience in foreclosure law, but the decisions regarding claims and the direction of the case otherwise, were all made and insisted upon by Triantos individually and/or as counsel of record. McArdle made it clear in both the phone and email correspondences with G&B that he had never received notice of these motions/allegations and was either never entered into the ECF electronic notice system at the time of removal or following his withdrawal and was therefore no longer receiving the ECF electronic filing email notices[49]. During said November 2, 2020, phone conversation, G&B and McArdle came to an understanding where McArdle agreed to provide an affidavit in support of G&B's efforts to address the Complaint(s) recorded on title, so long as such affidavit did not breach any client confidentiality, and that in exchange G&B would forgo pursuing McArdle individually regarding the claim for fees, sanctions or otherwise[50].

As is documented, McArdle followed up with G&B several times to coordinate regarding the language of the affidavit, including emails

---

[48] See McArdle's Verified Motion for Relief at APP-148
[49] See APP-148
[50] See APP-152-153

on November 5, 2020 and November 10, 2020 – never receiving any further phone call or email response whatsoever from G&B[51]. Notwithstanding G&B not following through on its alleged need for an affidavit from McArdle, McArdle assumed in good faith and as contemplated that G&B was no longer pursuing him individually – even more so since McArdle did not receive any further notice from G&B or the Court or otherwise regarding further related filings or hearings from that time up to and including the September 14, 2021 hearing and subject Order entered by the District Court on September 15, 2021, nearly a year following the correspondence between McArdle and G&B. There was no action on the docket related to the Rule 11 Motion against McArdle from the time of his November 2020 correspondence with G&B until July of 2021 – McArdle had no notice or reason otherwise to continuously monitor the docket for some eight months thereafter.

G&B was on direct notice that McArdle was not receiving electronic ECF notice of filings in this case[52], yet it intentionally disregarded its duty to provide McArdle notice or even act in good faith to notify McArdle that it was in fact pursuing him individually regarding these allegations even after G&B had agreed not to include McArdle in the claim. G&B's claims that McArdle "offered a

---

[51] *Id*
[52] See APP-148-153

settlement" and that it declined the same[53] are meritless, McArdle had nothing to settle but was willing to provide a clarifying affidavit in good faith, instead of taking this unnecessary path to rectify an intentional harm done to McArdle with no notice and without merit. G&B further misrepresents that it did not accept or agree to what it alleges was a settlement offer as G&B told the undersigned attorney directly that it would accept an approved affidavit and simply failed to follow through with McArdle's attempts to draft and coordinate the same with G&B. No change in its position was ever communicated to McArdle as is evident from the email correspondence[54]. Notwithstanding, G&B was on direct notice at this time that McArdle was not receiving notice vie ECF electronic email notice system, yet it did not send McArdle any of its further filings, including the Affidavit related to its alleged costs and fees[55]. The contemporaneous emails between November 2, 2020 and November 10, 2020[56] speak volumes about the happenings and further demonstrate that prior to the agreement between G&B and McArdle, McArdle requested notice and time to respond if G&B intended to continue to pursue the claim, neither was provided.

---

[53] See APP-156 at para. 7
[54] See APP-094-102
[55] See APP-126-147
[56] See APP-152-153

McArdle only received notice of the District Court Order when he received a confidential email correspondence on November 29, 2021 from the Board of Bar Overseers related to a claim made by G&B against Triantos. McArdle then reached out to G&B, admittedly angered by G&B's conduct, and sought an explanation and an agreement to amend the Order and remove him individually. Notwithstanding the fact that G&B knew that McArdle was not liable for any Rule 11 sanctions due to not participating whatsoever in the federal court proceedings, G&B refused to assent to amending the Order to release McArdle from liability. G&B provided no reasonable explanation or admitted to owing any level of professional courtesy to McArdle or acknowledged  its verbal agreement to release McArdle from liability in exchange for an approved affidavit as set forth above. G&B was aware that McArdle was not receiving notice of these events - no attorney with actual notice would allow allegations related to his/her good name and conduct as an attorney go unanswered. G&B's conduct, requiring the need to exhaust resources to unwind this via appeal is the conduct that should be under review and considered for sanctioning.

Furthermore, the fees/expenses/costs outlined in G&B Affidavits[57] are almost entirely related to costs incurred well after

---

[57] See APP-126-147

McArdle withdrew and the Amended Complaints had been prepared and filed by Triantos. A cursory review of G&B Affidavits evidence that G&B incurred approximately $8,429 in fees, researching and drafting the underlying motions for sanctions, fees and costs, which accounts for more than half of the fees incurred from its third-party attorneys. The Court requested a detailed accounting of the attorneys' fees, hours and expenses "associated with each of the **dismissed claims**"[58](emphasis added); nevertheless G&B submitted Affidavits that included significant fees unrelated to the dismissed claims such as the subject motions for costs, one of which was not even lobbied against McArdle.

G&B's Motion for Rule 11 Sanctions, states: "As grounds therefore, the Guaetta Defendants respectfully state that the Complaint prepared and signed by the Rule 11 Defendants, which the Court dismissed under Fed. R. Civ. P. 12(b)(6), contained claims against the Guaetta Defendants that were all or substantially all wholly insubstantial, frivolous and not advanced in good-faith and was in violation of the Rule 11". McArdle did not prepare or sign the Complaint that was dismissed, which was the First Amended Complaint, the Complaint from which G&B's claims are derived. The only Complaint that contained McArdle's signature was the original

---

[58] See APP-015

Complaint filed in the Essex Superior state Court, which, for all intents and purposes, was null and void upon the filing of the First Amended Complaint and is not a basis for a federal Rule 11 sanctions claim considered in this matter. G&B doubled down its misrepresentation in its Opposition to McArdle's Motion for Relief, stating, "[i]t is without merit that McArdle alleges there is no evidentiary support to warrant an order to enter against him. Even if Nicholas Triantos prepared the complaint, as has been alleged, <u>McArdle still signed and filed it</u>."[59] (emphasis added). The only assertions without merit are those made by G&B, again entirely and knowingly false via a cursory review of that pleading[60]. G&B's express claims within its Rule 11 Motion are without foundation and its efforts to obtain federal sanctions against McArdle for a state court filing was knowingly contrary to the law, in violation of due process and plainly inequitable under the totality of the circumstances.

## **ARGUMENT**

### I.   **Standard of review**

The Court of Appeals reviews determinations on motions for relief from judgment or order on grounds other than clerical mistakes for abuse of discretion. *Claremont Flock Corp. v. Alm*, 281 F.3d 297 (1st Cir. 2002).

---

[59] See App-155, para 2
[60] See APP-070

"The Supreme Court has instructed that review of orders under Rule 11 is for 'abuse of discretion,' but it has also said that this encompasses correction of 'legal error' or 'clear error' as to fact findings. Such standards are familiar and no reason is apparent why review of overlapping ethics rulings should be markedly different." *Obert v. Republic Western Ins. Co.,* 398 F.3d 138, 143 (1st Cir. 2005).

"Rule 11 motions are governed by carefully wrought procedures designed to 'stress the seriousness of a motion for sanctions.' Fed.R.Civ.P. 11 advisory committee's note." *Lamboy-Ortiz v. Ortiz,* 630 F.3d 228, 244 (1st Cir. 2010). Rule 11 is not a strict liability provision, therefore, before imposing sanctions, "a showing of at least culpable carelessness is required." See *Citibank Global Mkts., Inc. v. Santana,* 573 F.3d 17, 32 (1st Cir. 2009). Furthermore, sanctions pursuant to Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Ultimately, the "imposition of sanctions is a judgment call." *Kale v. Combined Ins. Co.,* 861 F.2d 746, 758 (1st Cir. 1988)

## II. The Court erred and/or abused its discretion in denying McArdle relief from its sanctions Order.

### A. *The Order was Void*

"Normally the decision to grant or deny a Rule 60(b) motion lies within the discretion of the district court, and review is for abuse of discretion only. However, the First Circuit has held that the district

court does not have discretion to deny a Rule 60(b)(4) motion if the
challenged judgment was void for lack of personal jurisdiction." *Sea-
Land Service, Inc. v. Ceramica Europa II, Inc.*, 160 F.3d 849, 852 (1ˢᵗ
Cir. 1998).  "A judgment is void, and therefore subject to relief under
Rule 60(b)(4), only if the court that rendered judgment lacked
jurisdiction or in circumstances in which the court's action amounts to
a plain usurpation of power constituting a violation of due process."
*U.S. v. Boch Oldsmobile*, 909 F.2d 657, 661 (1ˢᵗ Cir. 1990).

## 1.  <u>Due Process Violation</u>

As set forth in the Statement of Facts ("SOF"), G&B never
served or provided notice to McArdle pursuant to Rule 5, whether
negligently or intentionally. Fed.R.Civ.P 11(c)(1) states, "If, <u>after notice</u>
<u>and a reasonable opportunity to respond</u>, the court determines that
Rule 11(b) has been violated, the court may impose an appropriate
sanction on any attorney, law firm, or party that violated the rule or is
responsible for the violation." (emphasis added). McArdle's due process
rights were violated, which rights are further expressly protected
under Rule 11(c)(1).

G&B's Certificate of Service(s) attached to said Motions,
together with the filed Affidavits, state that any party not registered
with the ECF Certificate of Service filing system "will receive a copy by

mail."[61] McArdle, a non-party and non-attorney in the case at the time of all applicable filings, never received a copy by mail, a courtesy email copy or notice whatsoever from the moving party regarding said motions or the claims made against him[62].

This conduct is expressly contrary to the statutory protections within Rule 11 and due process rights. A judge's decision to impose Rule 11 sanctions must comport with due process requirements and attorney's fees, like other sanctions, should not be assessed without fair notice and an opportunity for a hearing on the record. See *Advisory Committee Note*, reprinted in 97 F.R.D. 165, 198–201 (1st Cir. 1983); see also *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 & n. 14 (1980). In *Media Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228 (1st Cir. 1991), involving an attorney who was sanctioned under much more legitimate circumstances, this Court determined that since "the attorney was sanctioned *in absentia*, without either notice or opportunity to respond...fair notice and opportunity to be heard were lacking", and the order was reversed as should be the case here.

### 2. <u>Lack of Subject Matter Jurisdiction:</u>

As outlined in the series of cases below, Federal Rule of Civil Procedure 81(c) provides that the federal rules apply to civil actions

---

[61] See Certificate of Service on any or all cited pleadings of G&B
[62] See McArdle's Verified Motion for Relief from Court Order at APP-148, paragraphs 6-17

removed to the United States district courts from the state courts and

govern procedure <u>after</u> removal. (emphasis added). The District Court

lacked jurisdiction to impose federal Rule 11 sanctions related to a

state court pleading signed by McArdle.

The thorough analysis in *Robinson v. Dean Witter Reynolds,*

*Inc.,* 129 F.R.D. 15 (D. Mass 1989) is directly on point with the

erroneous application of the District's Courts Rule 11 Sanctions

against Attorney McArdle. "Although Rule 11 does, as the Sixth

Circuit holds, apply the moment an action is removed to federal court,

<u>it does not provide for retroactive liability based upon a litigant's or</u>

<u>counsel's signature on a paper filed in state court</u>." (emphasis added)

*Id* at 20. *Robinson* lays the foundation for this Court's analysis and

assumes this Court has or would endorse the majority view as follows:

> "By its terms, Rule 11 provides for sanctions when a pleading is
> signed in 'violation of this rule.' At the time a state court pleading is
> signed, the signing attorney is not subject to the Federal Rules of
> Civil Procedure. Therefore, a pleading signed in a state court
> proceeding which is later removed to federal court clearly cannot be
> signed in violation of Rule 11. This conclusion is also supported by
> Federal Rule of Civil Procedure 81(c). Rule 81(c) provides that the
> federal rules 'apply to civil actions removed to the United States
> district courts from the state courts and govern procedure <u>after</u>
> removal. Fed.R.Civ.P. 81(c) (emphasis added). By obvious
> implication, the rules, including Rule 11, do not apply to the filing of
> pleadings or motions prior to removal.'" *Id* at 19 (internal citations
> omitted)

> *Robinson* goes on to state:

> "there can be no Rule 11 liability for sanctions based on pre-
> removal pleadings filed in state court". Support for this plain legal

analysis is maintained through the Federal Circuit Court. See *Schoenberger v. Oselka*, 909 F.2d 1086 (7th Cir. 1990)(" The conclusion that Rule 11 does not provide the authority to impose sanctions for signing and filing a complaint in state court flows from the Rule's language." at 1087; "Since Rule 11 only provides sanctions for papers signed and filed in the federal court, the district court's sanction award is REVERSED." at 1088).

See also *Griffen v. City of Oklahoma City*, 3 F.3d 336, 339 (10th Cir. 1993) ("At the time a state court pleading is signed, the signer is not subject to the Federal Rules of Civil Procedure. Accordingly, a pleading signed in a state court proceeding cannot be signed in violation of Rule 11, and a federal court may not impose Rule 11 sanctions against a signer of a paper filed in state court".) See also *Hurd v. Ralphs Grocery Co.,* 824 F.2d 806 (9th Cir. 1987); See *Kirby v. Allegheny Beverage Corp.,* 811 F.2d 253 *(4th Cir. 1987)*

As set forth in the Statement of Facts ("SOF") and the Statement of the Case above, McArdle only signed the state court pleading and never signed a pleading of any kind within the federal court – therefore McArdle, as a matter of law and jurisdiction, cannot be made subject to or liable pursuant to Federal Rule 11 Sanctions, which was the only claim made against McArdle and was the only basis of the Order against McArdle. The District Court lacked subject matter jurisdiction to hear a claim against McArdle for a state court filing. No further inquiry is or should be necessary and G&B, knew or should have known that its claims against McArdle in this regard are

and were frivolous and pursued in bad faith, especially considering the amount of paid research G&B performed regarding the applicability of Rule 11 Sanctions[63].

### B. *The Order was obtained through misconduct by an opposing party*

"Rule 60(b)(3) is designed to afford protection against judgments that are unfairly obtained rather than against judgments that are factually suspect." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 22 (1st Cir. 2002). McArdle's Verified Motion for Relief from the District Court's Order filed on December 8, 2021 was filed within three months of the September 15, 2021 Order being entered – within a reasonable time and promptly upon notice informing McArdle of the Order. "There are two prerequisites to obtaining redress under this rule. First, the movant must demonstrate misconduct—such as fraud or misrepresentation—by clear and convincing evidence. Second, the movant must show that the misconduct foreclosed full and fair preparation or presentation of [his] case." (internal citations omitted) *Id*. at 21.

As set forth above, G&B knowingly misrepresented that McArdle had signed and filed the First Amended Complaint, the basis for its Rule 11 Motion – this was a clear misrepresentation and

---

[63] See legal invoice tracking legal work related to sanction/fees from 9/28/2017-11/30/2017 in Morency Affidavit at APP-126

inexcusable misconduct. Further misconduct included failure of G&B to serve the pleadings on McArdle, which G&B may allege was a mistake but following McArdle providing express notice to G&B that he was not part of the ECF electronic notice system in the case[64], G&B's failure to provide notice therafter was indisputably intentional.

Had McArdle been provided a full and fair opportunity to provide the defenses outlined herein, no reasonable court would assess liability to McArdle, which would be erroneous in fact and at law. This is the type of misconduct that 60(b)(3) was designed for in protecting litigants like McArdle. G&B asserts that, "Plaintiff, with the full knowledge of McArdle, also caused a copy of the Complaint to be recorded with the Essex County Registry of Deeds in the chain of title to the Property. On May 23, 2017, McArdle on behalf of the Plaintiff filed a First Amended Complaint"[65]. G&B maintained absolutely no evidence that McArdle had anything to do with Triantos filing a copy of the Complaint in the Registry, which is not only false but not relevant to a Rule 11 sanctions action, and expressly misrepresents that McArdle filed the First Amended Complaint. As set forth above, G&B doubled down on said misrepresentation regarding McArdle signing and filing the First Amended Complaint within its Opposition[66] to

---

[64] See APP-148-153
[65] See APP-110
[66] See APP-155, para 2

McArdle's Relied from Order Motion – G&B went to lengths to provide the District Court with this false narrative, on which McArdle was never provided an opportunity to be heard. Without this ongoing misrepresentation, G&B had no legal basis for a claim against McArdle, which it knew and is the explanatory reason for the misrepresentation. This conduct is not different than concealing evidence or perpetrating a fraud on the court – G&B knowingly obtained the subject Order, pursuant to an express misrepresentation that the District Court relied upon.

"Misconduct does not demand proof of nefarious intent or purpose as a prerequisite to redress…[W]e find ourselves in agreement with the Fifth Circuit that, depending upon the circumstances, relief on the ground of misconduct may be justified 'whether there was evil, innocent or careless, purpose'." *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir. 1988). McArdle asserts that nefarious intent should be presumed from the totality of these circumstance, but even if intent cannot be determined, the carelessness as well as, at minimum, an innocent misrepresentation is indisputable and requires redress.

Further misconduct by G&B includes the November 2020 verbal agreement between the parties that caused McArdle to forgo defending the claim, which he otherwise understood to be withdrawn as to his

individual liability. McArdle's Verified Motion, together with the email

exhibit attachments,[67] paint a clear picture in this regard.

Failure to provide actual notice, the express misrepresentations

within G&B's submissions that the court relied upon to make an

erroneous decision, together with said agreement with G&B that either

negligently or intentionally mislead McArdle, is conduct that this rule

was implemented to safeguard against, and this conduct certainly

caused McArdle the inability to fairly respond to the allegations.

### C. *McArdle was excusably neglectful, surprised and/or mistaken as to the sanctions claim against him and resulting Order.*

"Deciding what constitutes excusable neglect is a case-specific
exercise, which requires an equitable determination, taking into
account the entire facts and circumstances surrounding the party's
omission. The pertinent facts and circumstances typically include such
things as the danger of prejudice to the non-movant, the length of the
delay, the reason for the delay, and whether the movant acted in good
faith. Nevertheless, these factors are not entitled to equal weight.
Within the constellation of relevant factors, the most important is the
reason for the particular oversight." (internal citations omitted)
*Rivera-Velazquez v. Hartford Steam Boiler Inspection and Ins. Co.,* 750
F.3d 1, 4 (1st Cir. 2014).

The facts set forth above and within McArdle's Verified Motion

for Relief, provide strong foundation for excusable neglect, surprise

and mistake, which are further founded in good faith and without

prejudice to G&B, who obtained an erroneous order as to McArdle,

which is nevertheless fully enforceable against Triantos.

---

[67] See APP-148-153

Neglecting to oppose the subject allegations was for obvious reasons; McArdle was completely unaware of the claims against him and as soon as he was put on notice, he immediately addressed the same with G&B. Following discussions with G&B, wherein he understood that G&B came to an agreement, G&B nevertheless moved forward against McArdle, again without McArdle's knowledge or notice. Although McArdle asserts G&B unfairly breached the agreement, he was certainly mistaken and acting in good faith otherwise that G&B was not further pursuing him regarding the sanction claim. Lastly, when he was notified of the Order through correspondence from the Board of Bar Overseers, he was certainly surprised and blindsided by notice that an Order had entered jointly and severally against he and Triantos.

McArdle was not receiving ECF email notice of filings and had withdrawn from this case, his neglect to understand that claims were made against him directly is certainly excusable. Furthermore, believing in good faith that he had an agreement with G&B is certainly supported by the contemporaneous emails regarding the same[68], both of which factors led to a surprise Order against him.

---

[68] See APP-152

**D.** **_The circumstances surrounding the imposition of this Order against McArdle are extraordinary and justice requires relief._**

Notwithstanding the fact that McArdle has outlined relief that should be granted under Rule 60(b)(1), 60(b)(3) and/or 60(b)(4), if this Court is to determine that said relief is not available, Rule 60(b)(6) is certainly applicable to this matter when reviewing the totality of the circumstances and the interests of justice. The decision to grant or deny such relief is inherently equitable in nature. See *United States v. One Star Class Sloop Sailboat,* 458 F.3d 16, 25–26 & n. 10 (1st Cir. 2006). This Order is akin to a default judgment that was entered against a defendant that did not receive legal notice of the claim. "A variety of factors can help an inquiring court to strike the requisite balance. Such factors include the timing of the request for relief, the extent of any prejudice to the opposing party, the existence or non-existence of meritorious claims of defense, and the presence or absence of exceptional circumstances." *Ungar v. Palestine Liberation Organization*, 599 F.3d 79, 83 (1st Cir. 2010).

McArdle has outlined satisfaction of each of these elements ad nauseam and is confident that this Court will properly recognize that fact. McArdle has acted in good faith for all times, never with malice or intent to present claims for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Had McArdle been provided notice and an opportunity to be heard, this

would certainly have been easily understood by the District Court –
instead G&B has taken a seemingly malicious path to frame a false
narrative of McArdle and has refused to voluntarily withdraw the
claims against McArdle when they were well aware that McArdle was
not directing the efforts and claims against G&B and are otherwise
firsthand familiar with McArdle's practices, as G&B and McArdle Law
are and have been on the opposite side of many foreclosure related
matters.

The overall conduct of G&B in seeking, obtaining and
attempting to enforce an order of sanctions against McArdle is conduct
that is arguably sanctionable in its own right and certainly implicates
the doctrine of clean hands. G&B claims within its Affidavits related to
costs[69] that it conducted and/or paid for thousands of dollars in
research regarding Rule 11 Sanctions – it certainly should have
understood that McArdle, having only signed the state court pleading,
had no liability under the federal rules; it nevertheless diligently
pursued these claims against McArdle, without any notice and with
full understanding that McArdle had and has always conducted
himself in good faith in all prior dealings with G&B.

---

[69] See APP-154

## Conclusion

McArdle says based on the foregoing  that G&B's conduct should be ruled as discourteous, unethical and intentionally aimed to harm McArdle, especially when considering McArdle did not partake at all in the federal court proceedings and that the court should further conclude that G&B new at the time of the Rule 11 Sanctions hearing that McArdle was completely unaware of the proceedings and that the dispositions of the District Court were all without proper notice to McArdle. Notwithstanding the clear error of law related to Rule 11 sanctions for a state court pleading, the totality of the circumstance otherwise certainly cannot support that McArdle should be subject to a sanction or that his conduct requires a deterrence. McArdle has satisfied all elements of relief under several 60(b) standards.

For any or all the above reasons, the Court should reverse the denial of McArdle's Motion for Relief from Order and void the District Court's September 15, 2021 Order as erroneous and void as applicable to McArdle and provide any such further relief as the Court deems just and fair.


Respectfully Submitted,
Appellant, Michael McArdle
By his attorney,

 /s/ Lucas B. McArdle, Esq.
Lucas B. McArdle, Esq.

BBO #694285

McArdle Law & Associates, PLLC

280 Merrimack Street, Suite 321

Lawrence, MA 01843

luke@mcardlelaw.com

Tel: 978-681-5150

Fax: 978-681-5152

Dated: May 16, 2022

## CERTIFICATE OF COMPLIANCE

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,724 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using a 14-point Century Schoolbook font.

/s/ Lucas B. McArdle
Lucas B. McArdle, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of this Appellant's Brief was filed with the Clerk of Court using the CM/ECF system, which will send notification to all parties of record, including counsel for the appellee:

/s/ Lucas B. McArdle
Lucas B. McArdle, Esq.

## <u>ADDENDUM</u>

ELECTRONIC ORDER entered denying 125 Motion to Alter Judgment
September 15, 2021 Order at Docket Entry 111 by Michael McArdle